IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLEN WARE, II, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3398 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and sixty-year sentence for murder. Respondent filed a motion for summary judgment (Docket Entry No. 16) on April 22, 2019, and served a copy of the motion on petitioner at his address of record that same date. Despite expiration of a reasonable period of time of sixty days, petitioner has failed to respond to the motion for summary judgment and the motion is uncontested.

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

A jury found petitioner guilty of murder in Harris County, Texas, and assessed punishment at sixty years' incarceration on June 21, 2013. The conviction was affirmed on

appeal. *Ware v. State*, No. 01-13-00545-CR, 2014 WL 4952432 (Tex. App.—Houston [1st Dist.] Oct. 2, 2014, pet. ref'd). The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review ("PDR") on January 14, 2015, and denied his application for state habeas relief on September 19, 2018. Petitioner filed the instant federal habeas petition on or about September 21, 2018.

Petitioner raises the following grounds for federal habeas relief:

1. Trial counsel provided ineffective assistance.

2. Appellate counsel rendered ineffective assistance in:

   a. failing to challenge the sufficiency of the evidence;

   b. failing to notify him timely that his PDR was refused;

   c. failing to challenge in the PDR the denial of his motion to suppress; and

   d. raising only one, frivolous claim on appeal.

3. The trial court erred in:

   a. denying his motion to suppress;

   b. denying his motion for mistrial; and

   c. overruling his objections to the admission of unauthenticated crime scene photos.

4. The State committed prosecutorial misconduct by suggesting to the jury that his co-defendant had not received a deal in exchange for his testimony.

Respondent argues that these claims are without merit and should be summarily dismissed.

## II. FACTUAL BACKGROUND

The intermediate state court of appeals set forth the following statement of facts in its opinion affirming petitioner's conviction:

> Peggy Ariza and her son, Edward Hernandez, were involved with the sale of marijuana out of Ariza's home. Appellant, along with three other men, went to Ariza's home with the intent of robbing her and Hernandez. Once at the home, Appellant shot and killed Ariza The jury found Appellant guilty of felony murder.
>
> When the punishment phase of the trial began, the State did not make an opening statement. It re-offered all of the evidence that it had offered in the guilt-innocence phase and called seven witnesses to testify.
>
> After the State rested, Appellant requested to make an opening statement before presenting his punishment evidence. The trial court denied Appellant's request to make an opening statement. Appellant presented two witnesses during the punishment phase: himself and his mother.
>
> The testimony of Appellant's mother, Cheryl, indicated that Appellant had been a well-behaved child and a good student while growing up. Cheryl's testimony also indicated that Appellant was raised in a stable home with a supportive family. She testified that Appellant had been working and attending college before he committed the offense.
>
> Cheryl stated that she noticed a change in Appellant in 2011. She testified that, at that time, Appellant found out that his girlfriend had aborted a baby of which Appellant was the father.
>
> Cheryl stated that this had made Appellant very angry. At the end of her testimony, Cheryl testified that she and the family would be there to support Appellant when he was released from prison.

In his testimony, Appellant admitted to shooting and killing Ariza during the failed robbery. He apologized to complainant's family and expressed remorse for what he had done. Appellant also admitted that he had frequently smoked marijuana during the time period preceding the commission of the offense. He also admitted that he had participated in a burglary in the months following the complainant's murder.

Appellant testified that he had been in jail since his arrest and that he had not gotten into trouble while incarcerated. Appellant also stated that he plans to become certified for different trades while in prison so that he can find a job when released and "live a normal life."

At the close of evidence, the State and Appellant each presented a closing argument to the jury regarding punishment, summing up the evidence presented during the punishment phase.

During her closing remarks, Appellant's counsel reminded the jury that Appellant was only 22 years old and asked the jury "to give [Appellant] a sentence where he will have a meaningful life." The jury assessed Appellant's punishment at 60 years in prison.

*Ware*, 2014 WL 4952432, at *1.

### III. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011);

4

*Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed

facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).

To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

    A.    <u>Trial Counsel</u>

Respondent correctly argues in the motion for summary judgment that petitioner has not presented any grounds for ineffective assistance of trial counsel. In his paragraph regarding ineffective assistance of trial counsel, petitioner complains of the trial court's rulings. Although petitioner raised eight grounds for ineffective assistance of trial counsel in his application for state habeas relief, he did not bring these grounds forward in his original, first amended, or second amended federal habeas petitions.

Because petitioner does not allege any grounds for ineffective assistance of trial counsel, habeas relief for ineffective assistance of trial counsel is unwarranted.[1]

B.  Appellate Counsel

Counsel's performance on appeal is measured by the same metrics as apply to trial counsel. A petitioner must demonstrate a reasonable probability that, had appellate counsel's performance not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. *Briseno v. Cockrell*, 274 F.3d 204, 210 (5th Cir. 2001). Moreover, it is well established that appellate counsel is not ineffective for failing to present frivolous or legally meritless arguments on appeal. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994). Appellate counsel "need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Petitioner claims that appellate counsel was ineffective in (a) failing to challenge the sufficiency of the evidence, (b) failing to notify him timely that his PDR was refused, (c) failing to complain in the PDR that the appellate court erroneously denied his motion to suppress, and (d) raising only one, frivolous claim on appeal. These claims have no merit.

---

[1] Even assuming petitioner had re-urged the specific grounds for ineffective assistance of trial counsel raised in his state habeas application, the grounds are conclusory and unsupported in the record for purposes of AEDPA review. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.

9

Petitioner's complaints as to counsel's conduct regarding the PDR lack merit, as he fails to show that, but for counsel's alleged errors, discretionary review would have been granted. Moreover, petitioner has no constitutional entitlement to counsel for purposes of discretionary review; consequently, he has no entitlement to the *effective* assistance of counsel for such purposes. Thus, no constitutional violation is presented.

Likewise, petitioner's complaint that counsel raised only one, frivolous claim on appeal fails to establish that, but for counsel's conduct, he would have prevailed on appeal. To prevail on his claim, petitioner must set forth a meritorious issue that appellate counsel failed to raise. Although petitioner complains that appellate counsel failed to challenge the sufficiency of the evidence, he does not establish that he would have prevailed on appeal. Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), petitioner must show that, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Petitioner's disagreements with the jury's verdict, and his reliance on conflicting evidence and credibility disputes, do not meet his burdens of proof under *Jackson*, *Strickland*, and AEDPA. Habeas relief is unwarranted.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of petitioner's claims for ineffective assistance of appellate counsel.

## V. TRIAL COURT ERROR

A. <u>Motion to Suppress</u>

Petitioner contends that the trial court's denial of his motion to suppress violated his constitutional rights. In support, he argues that he never acknowledged or waived his *Miranda* rights in writing.

Petitioner's argument is without merit, as a waiver or acknowledgment of a criminal defendant's rights under *Miranda* need not be in writing. *See North Carolina v. Butler*, 441 U.S. 369, 373 (1979). Where "the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent." *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).

The State was not constitutionally required to obtain petitioner's waiver in writing, and the lack of a written waiver did not require the trial court to suppress his statements at trial. No constitutional violation is shown, and habeas relief is unwarranted.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this habeas claim.

B.  Motion for Mistrial

Petitioner further contends that the trial court violated his constitutional rights by denying his motion for mistrial after two alternate jurors were allowed in the jury room during punishment deliberations.

The validity of petitioner's underlying factual allegations are rebutted by the state court record. As indicated by the trial court in the record, the two alternate jurors were accidently allowed in the jury room following the guilty verdict but before punishment deliberations commenced. 7 RR 219. The trial judge noted that the duration of their presence was brief and that the jurors were instructed not to discuss the case. *Id.* The alternate jurors indicated that they did not discuss the case while in the room with the other jurors. 7 RR 72–74. Petitioner moved for a mistrial based on the alternate jurors' presence in the jury room, but the trial court overruled the motion.

It is clear from the record that the alternate jurors played no part in the determination of petitioner's sentence, and petitioner's allegations to the contrary are conclusory and unsupported. No harm or error of a federal constitutional dimension is shown. *See United States v. Kelly*, 875 F.3d 781, 785 (5th Cir. 2017) ("An alternate's mere presence during deliberations is not the sort of inherently prejudicial error that requires *per se* reversal."). Habeas relief is unwarranted.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination

of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of petitioner's claim.

C. Crime Scene Photos

Petitioner next argues that the trial court erred by overruling his objections to the admission of unauthenticated crime scene photos.

Challenges to rulings based on state evidentiary rules or state law are not cognizable on federal habeas corpus review. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007). A state court's evidentiary rulings present cognizable habeas claims "only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999).

Moreover, on federal habeas review of state court convictions, a federal harmless error standard applies. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 121 (2007) (holding that the *Brecht* standard applies in section 2254 proceedings). Consequently, to be actionable, a trial court error must have "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637.

Even assuming the photographs were improperly admitted under state law, petitioner fails to argue, much less establish, that he was harmed by the admission of the photographs, and his burden of proof under *Brecht* is not met. Habeas relief is unwarranted.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination

of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of petitioner's claim.

## VI. PROSECUTORIAL MISCONDUCT

Petitioner contends that his co-defendant, Hector Mejia, had a "deal" with the State because Mejia received only a twenty-five year sentence after pleading guilty to aggravated robbery. He argues that the State committed prosecutorial misconduct by misleading the jury into believing that there was no such deal.

The state court record refutes petitioner's underlying factual allegations. Mejia testified for the State at trial. The State elicited Mejia's testimony that he was in custody for capital murder as petitioner's co-defendant, but that he pleaded guilty to a lesser offense of aggravated robbery with an agreement to testify at petitioner's trial. 5 RR 6–7, 51. Mejia acknowledged that he faced the full range of punishment for aggravated robbery, which could be up to life imprisonment. *Id.*, at 7. He specifically stated that the State made no promises as to the sentence he would receive, but he hoped the judge would be lenient. *Id.*, at 8, 51. On cross-examination, Mejia clarified that he had pleaded guilty the day before and that by making the deal he no longer faced the death penalty or a life sentence without the possibility of parole. *Id.*, at 27–28.

Thus, the jury was fully informed that Mejia had made an agreement with the State to plead guilty to aggravated robbery, and that he had agreed to testify at petitioner's trial. The jury also heard Mejia's testimony that there was no agreed sentence. The state court

14

record is devoid of any evidence of a sentencing agreement between Mejia and the State, and petitioner's allegations to the contrary are conclusory and unsupported in the record. The fact that Mejia received a twenty-five year sentence for aggravated robbery while petitioner received a sixty-year sentence for felony murder is not proof that Mejia had an undisclosed "deal." No prosecutorial misconduct is established, and habeas relief is unwarranted.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of petitioner's claim of prosecutorial misconduct.

## VII. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 16) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on this the 30th day of June, 2019.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE